# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

CHRISTOPHER DALE MASTERS,

    Petitioner,

v.

    Case No. CIV-07-366-RAW

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

Before the Court are the Respondent's Motion to Enforce Plea Agreement [Docket No. 6] and Motion to Supplement Record [Docket No. 7]. Petitioner has not responded to either motion. The motion to supplement the record [Docket No. 7] is hereby GRANTED. The Court will consider the transcript of Petitioner's change of plea in deciding the motion to enforce.

## BACKGROUND

On December 3, 2004, Petitioner and his attorney, Ms. Halliburton, signed a Plea Agreement in case number CR-04-104. In the acknowledgments just above Petitioner's signature, the Plea Agreement read: "I have read this agreement carefully and reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it without reservation. . . ." Within the Plea Agreement was also a "waiver of appeal and post conviction relief." Petitioner agreed to waive all of his appellate rights except with regard to the Motion to Suppress. He also agreed to waive his rights to all other post conviction proceedings, including any habeas corpus proceedings.

Also on December 2, 2004, Magistrate Judge Shreder held a change of plea hearing for Petitioner. A review of the transcript from that hearing shows that Petitioner was mentally

competent to understand the nature of the charges against him and the consequences of his plea and that Petitioner understood and voluntarily entered into the Plea Agreement. Petitioner was sentenced by this Court on March 10, 2005. Due to some health problems of Ms. Halliburton, Petitioner was represented by Mr. Hankins at his sentencing. Petitioner and Mr. Hankins had no objection to the Plea Agreement or the Presentence Investigation Report. The Court adopted the Plea Agreement as submitted in its written form. Petitioner filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2255 on November 1, 2007.

**ANALYSIS**

The Court must employ a three-prong analysis to determine whether it should enforce the Plea Agreement. The Court will enforce the Plea Agreement "provided that (1) the disputed appeal falls within the scope of the waiver, (2) the defendant knowingly and voluntarily waived his appellate rights, and (3) enforcing the waiver [will] not result in a miscarriage of justice." United States v. Smylie, 220 Fed.Appx. 798, 799 (10th Cir. 2007). The first two prongs are easily answered in the affirmative. The Plea Agreement clearly states that Petitioner waived all of his rights to post-conviction proceedings, including "any habeas corpus proceedings." Also, it is clear from the transcript of Petitioner's change of plea hearing that he entered the Plea Agreement and waived his appellate rights knowingly and voluntarily.

As to the third prong, a defendant must establish at least one of the following four circumstances to show that a miscarriage of justice would result from enforcement of an appellate waiver: "(1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously

affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 800. Petitioner has the burden to prove that at least one of those factors exist. United States v. Anderson, 374 F.3d 955, 959 (10th Cir. 2004). Given that Petitioner has not responded to the Respondent's motion to enforce the Plea Agreement, he has not met his burden. Nevertheless, the Court has considered them and finds that none of those four circumstances exist in this case. Thus, a miscarriage of justice will not occur from enforcement of the Plea Agreement.

Accordingly, the Respondent's Motion to Enforce Plea Agreement [Docket No. 6] is hereby GRANTED. Consequently, this action is hereby DISMISSED.

IT IS SO ORDERED this 5th day of March, 2008.

**Dated this 5th Day of March 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma